FLORA MUNROE v. WILLIAM E. MOLONEY AND WILLIAM
A. STUART.

*Injury to possessory rights—Lease—Evidence to show termination.*

Plaintiff bought certain hotel furniture subject to a lease, of which
she took an assignment; after which the furniture was levied
upon as the property of the vendor, and plaintiff sued the execu-
tion creditor and the officer for injury to her possessory rights,
claiming that the lease had been terminated, and on the trial
offered to show that one Koehane, who had guaranteed the pay-
ment of the rent, notified plaintiff that he desired the lease ter-
minated, to which plaintiff agreed, and informed the lessee of
such facts, who said he could not give up the property, because
he was in possession under the officer who made said levy.

*Held*, that the proposed testimony was competent, having a
tendency to show that the lease was terminated by the consent
of the lessee, who did not claim to hold under it, but under the
levy, and by request of the guarantor, and that plaintiff was
entitled to the possession of the property.

Case. Error to Wayne. (Jennison, J.) Argued June 23,
1887. Decided October 6, 1887.

Plaintiff brings error. Reversed. The facts are stated in
the opinion.

*J. C. Berry* (*Charles Flowers,* of counsel), for appellant.
*Brennan & Donnelly,* for defendants.

CHAMPLIN, J. On and previous to September 8, 1885, one
James Koehane was the owner of a building situated in the
city of Detroit, on Livernois avenue, opposite the car-shops,
which he had rented to one Mary Rook, who kept a hotel
therein. On the day aforesaid this lease had three years and
seven months to run before it expired.

Mrs. Rook owned the furniture in the hotel, and on the

eighth day of September, 1885, she assigned her lease of the hotel to Amos Kidder for the unexpired term, and at the same time she leased the furniture in the hotel to said Kidder for the same period. The record is very vague and unsatisfactory, and it is difficult to get at the exact facts from it. It does not show to whom Kidder was to pay the rent accruing under the lease from Koehane; but I infer that he was to pay it to Koehane, and not to Mrs. Rook. Kidder agreed to pay Mrs. Rook $15 a month for the use of the furniture, and Koehane became his guarantor therefor by the following instrument:

"I, the undersigned, James Koehane, now of the city of Detroit, do hereby agree to pay Mrs. Mary Rook the sum of fifteen dollars per month for furniture leased from Mary Rook to A. Y. Kidder, in a building owned by James Koehane, situated now in the city of Detroit, Livernois Ave., opposite car-shops. Said promise to pay is only as long as Mr. A. Y. Kidder shall have possession of the above-mentioned place. After that the furniture mentioned in a certain inventory shall be returned to Mary Rook in as good condition as when taken, only the worse of natural wear and tear excepted. Said goods to be accepted by Mary Rook when notified.

"JAMES KOEHANE.
"MARY ROOK.

"Dated this eighth day of September, A. D. 1885, in Springwells."

On the twenty-seventh day of October, 1885, Mary Rook sold the furniture in the hotel to plaintiff, who is her daughter, and assigned to her the lease thereof from Kidder, and the rents accruing thereon, and thereafter the rent was paid by Koehane to plaintiff.

This action was commenced in the latter part of April, 1886. The declaration avers that the plaintiff, on the twentieth day of April, 1886, was lawfully possessed, as of her own property, of certain personal property, describing the same, and then alleges that the defendants, on the day aforesaid,—

"Wrongfully and tortiously, with force, took the possession of the before-mentioned articles of personal property, the property of the plaintiff, from the possession and control of the said plaintiff, against the plaintiff's will, and converted and disposed of the said property to their own use, and have not delivered the same or any part thereof to the said plaintiff, although often requested so to do, and have heretofore wholly refused to return the same to the said plaintiff, but have, on the contrary, made way with, sold, and made use of the said before-described property, denying any right, title, or possession of the plaintiff in or to the same," to her damage, etc.

While we are unable to classify this declaration with any of the prevailing forms in use for torts, it is quite evident that the gist of the complaint is the injury to plaintiff's possessory rights in the property described. There was no demurrer to the declaration, but issue was joined thereon by a plea of the general issue, and notice of justification under an execution in favor of William E. Moloney against one Margaret Rook, and that defendant Stuart was a constable, and the execution issued the seventeenth day of April, 1886, and was placed in his hands to be levied upon the goods and chattels of one Margaret Rook, and that they were, at the time of such levy, the goods and chattels of Margaret Rook, and not of the plaintiff.

Upon the trial of the cause the plaintiff was sworn, and testified in her own behalf. During her examination, the following occurred, which we extract from the record:

" *Question.* About the first of April last, will you state what occurred about the rent?

" *Mr. Donnelly.* I object to it unless it was in the presence of the defendant.

" *Mr. Berry.* I wish to show the termination of the lease.

" *Court.* You cannot introduce her conversation with a party not a party to the record. The fact of the termination is one thing; the fact of the conversation is another.

" *Mr. Berry.* I offer to prove by the witness that about the first of April Mr. Koehane, the guarantor of the rent, came to this plaintiff, and told her that he wished to terminate the lease, and that she agreed to it; that she then went to Mr.

Kidder, and told him that Mr. Koehane wished to terminate the lease, and he said he could not give up possession at that time, because he was in possession under a levy under an officer of one of the defendants in this case. We wish to show that the lease was terminated at the time of the levy; that Koehane came to her, and said he had sold out the hotel, and Mr. Kidder, the tenant, was going out, and she should go and get the furniture; that she went to Kidder, and demanded the furniture, and he said he could not give up the furniture, because he was in possession under the levy."

The defendants objected to this testimony, and it was excluded by the court.

The testimony should have been received. It had a tendency to show that plaintiff was entitled to possession. She had a right to show that the lease of the furniture was terminated, and this testimony tended to prove that it was terminated by consent of both Mr. Kidder, who did not claim to hold under the lease, but under the levy, and by Mr. Koehane. By excluding the testimony going to show the termination of the lease, the plaintiff was prevented from establishing her right to the possession.

This constitutes the principal error relied upon in the case. The judgment will be reversed, and a new trial ordered.

The other Justices concurred.